Argued May 8, affirmed June 12, 1975

EVANS, *Respondent, v.* INVESTORS
INSURANCE CORPORATION, *Appellant.*

536 P2d 506

*Peter C. Richter,* Portland, argued the cause for appellant. With him on the brief were Miller, Anderson, Nash, Yerke & Weiner and Curtis W. Cutsforth, Portland.

*Gary M. Bullock,* Portland, argued the cause and filed the brief for respondent.

TONGUE, J.

This is an action on an insurance policy to recover expenses incurred for surgery to correct a varicocele of plaintiff's testicle. The case was tried before the court without a jury on a "Stipulated Statement of Facts," with attached exhibits, including plaintiff's deposition. Defendant appeals from a judgment for plaintiff in the sum of $1,389.15, plus costs and attorney fees. We affirm.

On August 10, 1972, defendant issued to plaintiff a health insurance policy which included the following "DEFINITION(S)":

" 'Sickness' means sickness, illness or disease, contracted and causing loss beginning while this policy is in force and which first manifests itself 30 or more days after this policy has been in force. All sicknesses of any one individual existing simultaneously shall be deemed to be one sickness."

According to the "Stipulated Statement of Facts":

"On September 8, 1972, Evans was examined by a physician at a preinduction physical for the United States Army. At that time, the examining physician told Evans he had a slight varicocele of his left testicle. Plaintiff agrees in so far as the date of the preinduction physical, but there is disagreement as to what was told the Plaintiff."

According to the deposition of the plaintiff, which was attached as an exhibit to the "Stipulated Statement of Facts," plaintiff testified as follows as to "what was told" to him at that time:

"Q   Was there any diagnosis made about your testicles at that time?

"A   The way it was understood was when I had my Army physical the doctor that examined me was a guy who felt pretty much the way I do. He was a long-haired guy and had a full beard and when he came by and they put their finger up

there and asked you to cough and he said, 'Would you go in my office' and so he took me out of line and so—with the other guys that were getting their physicals that day, and I went into his office and he says, 'Do you want to be in the service,' and I said, 'Well, no, I really don't.' I said, 'My father and I started a business together. I have a lot of fine opportunities at home and it would greatly interrupt what I plan to do.' And he goes, 'Well,' he goes, 'I feel that there might become some sort of disorder there and I'm not really sure exactly what it would be.' He said, 'I can put it through if you would like on a T-3,' temporary deferment for six months, and he said at the end of six months there probably won't be a draft anyway and you wouldn't have to go."

"* * * * *

"Q *What did he tell you?* What did you find in your testicles?

"A He said, 'I believe *you might have a slight vericocele.*' He said, *'I'm not sure.'* He goes, 'I can put it through that way and perhaps keep you out of the draft.' " (Emphasis added)

According to the record, it was also stipulated that this deposition "may be used and considered by this court in lieu of his oral testimony."

No testimony or other evidence to the contrary was offered by defendant.

After that examination plaintiff received a temporary deferment from induction into the Army. He subsequently rode race horses in the Pendleton Roundup, but on October 12, 1972, while at work straining to push some large pipes, he had a pain in his groin. Plaintiff was then examined and found to have an inflamed varicocele, for which he underwent treatment including surgery, resulting in $1,389.15 in medical expenses.

Defendant contends that a "sickness" includes "a disturbance in function *or structure* of any organ or part of the body," citing *Blalock v. City of Portland et al,* 206 Or 74, 80, 291 P2d 218 (1955), and that a varicocele is an "enlargement of the veins of the spermatic cord," according to Taber's Cyclopedic Medical Dictionary (2d ed 1942).

Defendant also contends that a "sickness" or abnormal condition becomes "manifest" for the purpose of such insurance policies when the insured knows of the condition or there is a distinct symptom or underlying condition from which one learned in medicine can diagnose the sickness or disease with reasonable certainty, regardless of whether, as a result, the insured is incapacitated or prevented from pursuing his normal daily activities, citing *Hovis v. Industrial Hospital Association,* 71 Wash 2d 169, 426 P2d 976 (1967); *Broccolo v. Horace Mann Mutual Casualty Company,* 37 Ill App 2d 493, 186 NE2d 89 (1963); and *Malone v. Continental Life and Accident Company,* 89 Idaho 77, 403 P2d 225 (1965).

Finally, defendant contends that plaintiff is bound by the statement in the "Stipulated Statement of Facts" that "On September 8, 1972, Evans was examined by a physician at a preinduction physical for the United States Army. At that time, the examining physician told Evans he had a slight varicocele of his left testicle * * *" and contends that, as a result, this was a "sickness" which first "manifested itself" before or less than 30 days after the issuance of the policy.[1]

---

[1] Defendant also contends that plaintiff has the burden of proof on the issue. Plaintiff contends, to the contrary, that this policy provision operates as an exception to coverage, so as to place upon defendant the burden to prove that this case comes within that exception. For the purposes of this decision, however, we need not consider that question because we consider the evidence to be sufficient to support plaintiff's position even assuming that he had the burden of proof.

Based upon our examination of the record, including the fact that the statement in the "Stipulated Statement of Facts" (upon which defendant relies so heavily) goes on to state that "there is disagreement as to what was told the Plaintiff," as well as the fact that the stipulation attaches as an exhibit the deposition of the plaintiff in which he testified that he was told by the doctor that plaintiff "might have a slight varicocele," but that the doctor was "not sure," we do not agree with defendant's contention that plaintiff is "bound" by the statement in the stipulation as a statement that bars him from recovery under this insurance policy as a matter of law.

In *Smith v. Ind. Hosp. Assn.,* 194 Or 525, 534, 242 P2d 592 (1952), also involving a health insurance policy, we defined the word "manifest" as " 'to show plainly * * * to put beyond question or doubt * * *' "[2]

This court also stated in *Smith* (at 532) the following familiar rule:

"This appeal necessitates the construction of particular words and phrases found in an insurance contract. In so doing, we are constrained to give the language so used a construction as favorable to the insured as will be permitted in good conscience and embrace every reasonable intendment in support of a view that will protect the insured and defeat a forfeiture. [Citing cases]"

To the same effect, see: *Schweigert v. Beneficial Life Ins. Co.,* 204 Or 294, 301, 282 P2d 621 (1955); *Todd v. Occidental Life Ins. Co.,* 208 Or 634, 652-53, 295 P2d 870, 303 P2d 492 (1956).

In this state of the record, we hold that when plaintiff was examined for the purposes of induction

---

[2] The insurance policy involved the term "acutely manifest," but we defined these two words separately in that case.

into the United States Army he was not informed "plainly," so as to "put beyond question or doubt," that he had a varicocele of his left testicle, so as to constitute a "sickness" that "manifest(ed) itself" for the purposes of this insurance policy before or less than 30 days from the issuance of this policy.

Accordingly, we affirm the judgment of the trial court.[9]

---

[9] We have read and considered the cases cited by defendant, but prefer to rely upon our own decision in *Smith v. Ind. Hosp. Assn.*, 194 Or 525, 534, 242 P2d 592 (1952).

Because of the basis on which we decide this case it is not necessary to consider and decide whether the diagnosis of a "slight varicocele" of plaintiff's left testicle would of itself reasonably constitute a "sickness" for the purposes of such an insurance policy, in the absence of any other symptoms